IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Company, as Subrogee of Post Holdings, Inc., a Missouri corporation, Michael Foods of Delaware, Inc., a Delaware corporation, and M.G. Waldbaum Company, a Nebraska Company;<br><br>Plaintiff,<br><br>vs.<br><br>HENNING COMPANIES, LLC, an Iowa Limited Liability Company;<br><br>Defendant. | **8:22CV432**<br><br>**ORDER** |
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Company;<br><br>Plaintiff,<br><br>vs.<br><br>VENCOMATIC, INC, an Illinois Company;<br><br>Defendant. | **8:24CV74**<br><br>**ORDER** |

Factory Mutual Insurance Company ("Factory Mutual") has filed two separate complaints against Henning Companies, LLC ("Henning") and Vencomatic, Inc., respectively. Factory Mutual filed its lawsuit against Henning, 8:22CV432, (the "Henning action") on December 15, 2022, alleging breach of contract, breach of warranty, and negligence. After completing a deposition in the Henning action, Factory Mutual determined it had claims against Vencomatic. It then sued Vencomatic, 8:24CV74, (the "Vencomatic" action) on February 23, 2024, alleging negligence, breach of contract, breach of warranty, and strict liability. Both complaints arise from damages incurred in the same fire at the M.G. Walbaum poultry facility in Bloomfield, Nebraska on February 27, 2020.

Factory Mutual moves to consolidate the above-captioned actions for discovery and trial. Henning does not oppose consolidation for discovery, but objects to consolidating for trial. Vencomatic objects to consolidating for trial but is "open to the idea" of joining the actions purposes of discovery. For the reasons discussed below, Factory Mutual's motion to consolidate will be granted as to the discovery phase but denied without prejudice as to the trial of the cases.

Under Rule 42 of the Federal Rules of Civil Procedure, actions before a federal court may be consolidated if they involve a common question of law or fact, and consolidation would assist in avoiding unnecessary cost or delay. Fed.R.Civ.P. 42(a). Consolidation is warranted when the actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself will not cause unfair prejudice. *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768–769 (8th Cir.2009).

1. Consolidation for Discovery

Vencomatic does not object to the motion to consolidate discovery if it is afforded a "full and reasonable time" to conduct its own discovery. Filing No. 16 at 7. As the lawsuit against Vencomatic was just recently filed, and the parties in the

Henning matter have been exchanging discovery for almost six months, the Court recognizes Vencomatic's concern. However, the Court finds consolidation of discovery is appropriate to conserve judicial resources, reduce costs, and promote efficiency in both actions. See *Braddock v. Frontera Produce, Ltd.*, No. 7:13CV5006, 2014 WL 1411764, at *1 (D. Neb. Apr. 11, 2014).

    2.    Consolidation for Trial

Both Henning and Vencomatic oppose Factory Mutual's motion as it pertains to consolidation for trial. Henning contends the motion is premature, as the evidence underlying both cases is currently unknown. Vencomatic argues it would be prejudiced by consolidation because of the difference in law and fact concerning the claims Factory Mutual has made in the Henning action from those in the Vencomatic action.

Based on the evidence currently before the Court, the Court agrees with Defendants. The Court cannot assess the extent of any potential trial prejudice that may arise from consolidation, or whether any prejudice will occur at all. The evidence underlying both cases is not known at this time. Therefore, the Court will deny Factory Mutual's motion to consolidate the cases for trial without prejudice to re-assertion after the discovery relevant to the trial consolidation issue is complete. See *Greater Omaha Packing Co. v. Liberty Mut. Fire Ins. Co.*, No. 4:12CV3053, 2012 WL 4105122, at *2 (D. Neb. Sept. 18, 2012)

    Accordingly,

    IT IS ORDERED:

Factory Mutual's motions to consolidate, Filing No. 56 (8:22CV432) and Filing No. 13 (8:24CV74), are denied without prejudice as to consolidation at trial, but granted as to the discovery stages as follows:

    1) The following cases are consolidated for discovery and pretrial preparation purposes only:

      8:22CV432 Factory Mutual Insurance Company v. Henning Companies, LLC

      8:24CV74 Factory Mutual Insurance Company v. Vencomatic, Inc.

2)  Unless otherwise advised by the Court, all filings should include both case captions and be filed in both cases.

3)  Counsel for the parties shall confer and, on or before May 15, 2024, they shall jointly file a Joint Rule 26(f) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms. The parties should include a deadline for filing a motion to consolidate for the purposes of trial.

4)  If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before, May 10, 2024 a party shall contact my chambers to arrange a conference call.

Dated this 1st day of May, 2024.

                                        BY THE COURT:

                                        *s/ Jacqueline M. DeLuca*

                                        United States Magistrate Judge