IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Company, as Subrogee of Post Holdings, Inc., a Missouri corporation, Michael Foods of Delaware, Inc., a Delaware corporation, and M.G. Waldbaum Company, a Nebraska Company;<br><br>Plaintiff,<br><br>vs.<br><br>HENNING COMPANIES, LLC, an Iowa Limited Liability Company;<br><br>Defendant. | 8:22CV432<br><br>ORDER |
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Company;<br><br>Plaintiff,<br><br>vs.<br><br>VENCOMATIC, INC, an Illinois Company;<br><br>Defendant. | 8:24CV74<br><br>ORDER |

This matter is before the Court on the parties' Stipulation to Amend the Scheduling Order wherein the parties move the Court to extend various deadlines by 90 days. For the reasons herein, this motion will be denied.[1]

## BACKGROUND

*Factory Mutual Insurance Company v. Henning Companies, LLC*, Case No. 8:22cv432 (hereinafter "Henning action") was filed in December 2022. Filing No. 1.[2] After motion practice, a scheduling order was issued on April 17, 2023 and a final progression order on May 25, 2023. Filing No. 23 and 30. The final progression order set a deadline of September 30, 2024 for dispositive motions, with an anticipated trial date in early 2025. Thereafter, the parties notified the Court of the possibility an additional defendant, Vencomatic, Inc., would be added to the lawsuit. Filing No. 46. Subsequently, Plaintiff filed a second related action against Vencomatic, Inc. on February 23, 2024, *Factory Mutual Insurance Company v. Vencomatic, Inc.* Case No. 8:24cv74 (hereinafter "Vencomatic action"). At the parties' request, the Henning action was briefly stayed pending a responsive pleading in the Vencomatic action, and the two were subsequently consolidated for the purpose of discovery and pretrial preparation. Filing No. 60.

Prior to entering a progression order in the now consolidated actions, the Court held a telephone conference to discuss case progression. During that

---

[1] This Court's local rules provide that, if a motion requires the Court to consider any factual matters not stated in the pleadings, a party supporting or opposing the motion must support the factual assertion with evidentiary materials. A party must also identify and authenticate any documents offered as evidence with an affidavit. NECivR. 7.1(a)(2), (b)(2). No party has submitted supporting evidentiary materials. The Court recognizes the present filing is a stipulation. However, pursuant to this court's local rules, NECivR 29.1, any stipulation that interferes with court-imposed discovery deadlines are only effective upon court order, making the filing more akin to a motion. Nonetheless, for the purposes of this motion, the Court assumes the facts outlined in the motion are true and properly submitted evidence would not change the outcome of the motion.

[2] Unless otherwise noted, all citations correspond with the Henning action.

conference, the Court discussed reservations regarding the deadlines provided by the parties and cautioned the parties that, based on the age of the original case, the Court was not inclined to consider further extensions. The resulting final progression order, issued in May 2024, specifically stated, "No further extensions to case progression will be considered absent a substantial showing of good cause." Filing No. 65 (emphasis in original). On February 11, 2025, the parties filed a joint stipulation requesting a two-month extension to the deadlines in the May 2024 progression order. Filing No. 73. On the Court's own accord, a telephone conference with the parties was held to discuss the proposed extension. Filing No. 74, 76. The Court, once again, discussed its concerns regarding case progression and warned the parties that it would be extremely apprehensive to grant any further extensions. Thereafter, the Court granted in part and denied in part the parties' joint stipulation to amend case progression and set the case for trial. Filing No. 77, 78. This order provided: "All requests for changes of deadlines or settings established herein . . . will not be considered absent a showing of due diligence in the timely progression of this case and the **recent development of circumstances, unanticipated prior to the filing of the motion**, which require that additional time be allowed." Filing No. 77 (emphasis added). These deadlines are currently in place and are those which the parties seek to amend:

> The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:
>
>> For the plaintiff(s): May 28, 2025.
>>
>> For the defendant(s): August 29, 2025.
>
> The deadline to file a motion to consolidate the above-captioned cases for the purposes of trial is August 29, 2025.

> The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is October 1, 2025.
>
> The deadline for filing motions to dismiss and motions for summary judgment is October 29, 2025.
>
> The deadline for filing motions to exclude testimony on Daubert and related grounds is October 29, 2025.

Filing No. 77.

## ANALYSIS

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id*. (citing Fed. R. Civ. P. 16). Under Rule 16, a schedule (such as the case-progression and trial-setting order at issue in this case) may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

The parties failed to show good cause warranting amendment of the Court's February Final Progression Order. Primarily, the parties, principally Plaintiff, did not act promptly in seeking an extension or stay of their expert disclosure deadline. The deadline for Plaintiff to complete expert disclosures was May 28, 2025, yet a request to extend this deadline was not filed until July 22, 2025—over 50 days after the deadline expired. Even if the parties stipulated to an extension at the time the deadline was set to run, such stipulation is only effective upon court order. *See* NECivR 29.1. The lack of communication with the Court is equally concerning

when the parties were warned multiple times that it was unlikely further extensions would be granted. Further, in an attempt to show good cause, the parties indicate that two depositions were delayed due to delays in document production. Filing No. 83 at 4. But the parties were aware of these delays prior to the Plaintiff's expert deadline expiring. Moreover, the deadline to file motions to compel written discovery was May 16, 2025, and no party sought the Court's assistance in securing necessary discovery or brought a delay in document production to the Court's attention. *See* Mehner v. Furniture Design Studios, Inc., No. 8:22CV168, 2023 WL 3727701, at *3 (D. Neb. May 30, 2023), aff'd, No. 24-2172, 2025 WL 1910559 (8th Cir. July 11, 2025). The undersigned simply cannot find that good cause exists for reopening and extending deadlines when the parties have not diligently pursued discovery or complied with the Court's directive.[3]

Because the Court declines to extend Plaintiff's expert disclosure deadline, it sees no need to amend the other deadlines as requested by the parties. One of these cases will be over 3 years old by the time of trial, and the Court believes adherence to the current schedule, of which all parties had ample notice, is appropriate given no party has demonstrated good cause to modify the Court's deadlines, especially when considering the prior warnings provided to the parties. For the reasons set forth herein, the parties Stipulation to Amend the Scheduling Order, Filing No. 83 (22cv432) and Filing No. 37 (24cv74), are denied.

Dated this 24th day of July, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

---

[3] The parties also state that one of Plaintiff's experts experienced a medical emergency within their family contributing to delay. However, the parties fail to provide any timeline relating to this hinderance and/or how that prevented Plaintiff's counsel from timely requesting an extension from the Court.